UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH CONNYER,

       Plaintiff,

                              Civil Case No. 16-11477

v.                           Honorable Linda V. Parker

EXECUTIVE LAS VEGAS,

       Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE

In this diversity action removed from state court on April 25, 2016, Plaintiff seeks benefits under Michigan's no-fault act for injuries arising from an accident that occurred in Las Vegas, Nevada on August 1, 2012, while Plaintiff was riding in a vehicle presumably owned and operated by Defendant Executive Las Vegas. Presently before the Court is Defendant's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56 on July 18, 2016. (ECF No. 17.) Plaintiff filed a response to the motion on August 8, 2016, although Plaintiff makes no attempt to address therein the arguments raised in Defendant's motion. (ECF No. 18.) The Court finds oral argument unnecessary and therefore disposed of oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(f) on November 18, 2018. For the reasons that follow,

the Court is granting Defendant's summary judgment and ordering Plaintiff's counsel to show cause as to why costs, expenses, and attorneys' fees should not be imposed under 28 U.S.C. § 1927.

## I.   Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

2

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient.  *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.    Factual and Procedural Background

According to Plaintiff's Amended Complaint, filed in Michigan state court on October 16, 2014, Plaintiff is a Michigan resident who was injured in an automobile accident on August 1, 2012, in Las Vegas, Nevada.  (Am. Compl. ¶¶ 1, 4, 5, ECF No. 1-2.)  Defendant is a transportation company, which provides limousine services in Las Vegas.  (*Id*. ¶ 3, Def.'s Mot., Ex. B, ECF No. 17-3.) Defendant is incorporated in the State of Nevada and has its principal place of business in Las Vegas, Nevada.  (Def.'s Resp. to Show Cause Order ¶ 2, ECF No. 8.)  Defendant is not a Michigan no-fault insurance carrier.  (Def.'s Mot., Ex. C, ECF No. 17-4.)  Although not stated in her Amended Complaint, Plaintiff

presumably was riding in a vehicle owned and/or operated by Defendant when she was injured in the August 1, 2012 accident.

Plaintiff alleges a single claim against Defendant for personal protection benefits under Michigan's no-fault act, Mich. Compiled Laws Sections 500.3101-.3179.  (Am. Compl. ¶¶ 7-15, ECF No. 1-2.)  Defendant moves for summary judgment with respect to that claim, arguing that it is not a no-fault carrier, and is not required to secure no-fault coverage, under the no-fault act.  (ECF No. 17.)  Defendant maintains that Plaintiff's claim against it is, therefore, frivolous.  In its motion, Defendant also asks the Court to award as sanctions under Rule 11 of the Federal Rules of Civil Procedure its costs and attorney's fees incurred in the preparation of its motion and defense of the lawsuit.

### III.   Applicable Law and Analysis

Section 3101 of Michigan's no-fault act defines the coverage of the act.  Mich. Comp. Laws § 500.3101(1).  This provision reads:

> The owner or registrant of a motor vehicle *required to be registered in this state* shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.  Security is only required to be in effect during the period the motor vehicle is driven or moved on a highway.  Notwithstanding any other provision in this act, an insurer that has issued an automobile insurance policy on a motor vehicle that is not driven or moved on a highway may allow the insured owner or registrant of the motor vehicle to delete a portion of the coverages

4

under the policy and maintain the comprehensive
coverage portion of the policy in effect.

*Id*. (emphasis added).  According to the express language of the statute, only those
vehicles required to be registered in the State of Michigan are subject to the
requirements of the no-fault act.  *See Shields v. Gov't Employees Hosp. Ass'n, Inc.*,
450 F.3d 643, 646 (6th Cir. 2006) (explaining the Michigan's no-fault act
"regulates automobile insurance policies purchased by persons with cars registered
in Michigan.").  Plaintiff suffered the alleged injuries while riding in a motor
vehicle registered in the State of Nevada and insured in that state.  Consequently, it
did not fall within the class of vehicles covered by section 3101 of the no-fault act.[1]
*See Covington v. Interstate System*, 277 N.W.2d 4, 5 (Mich. App. 1979) (holding
that truck driven at time of accident which was neither registered in Michigan, nor
required to be registered in Michigan, did not fall within class of vehicles covered
by no-fault act).

Moreover, the proper party defendant in a no-fault action in which the
plaintiff seeks property protection benefits arising out of the ownership,
maintenance, or use of a motor vehicle is the insurer of the vehicle, not the insured.
*CSX Transp., Inc. v. Benore*, 154 F. Supp. 3d 541, 548 (E.D. Mich. 2015) (citing

---

[1] Non-resident owners or registrants of a motor vehicle not registered in Michigan
must obtain coverage under the no-fault act if the vehicle is operated in the state
for more than 30 days in any calendar year.  Mich. Comp. Laws § 500.3102(1).
There is no evidence that the motor vehicle in which Plaintiff allegedly was injured
had ever been operated in Michigan.

*Matti Awdish, Inc. v. Williams*, 323 N.W.2d 666, 669 (Mich. Ct. App. 1982)).

Thus even if the no-fault act covered the accident at issue, Defendant would not be

the proper party to sue.

For these reasons, the Court agrees with Defendant that Plaintiff's no-fault

claim against it is frivolous and is dismissing the claim.  Nevertheless, Defendant

has not complied with the "safe harbor" requirements of Rule 11 to enable the

Court to award sanctions under that rule.

Rule 11 provides that by presenting to the court a pleading, written motion

or other paper, an attorney "certifies that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the

circumstances," the document satisfies the following:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

6

Fed. R. Civ. P. 11(b).  Rule 11 sets forth procedural requirements that must be followed before sanctions can be imposed.  Fed. R. Civ. P. 11(c).  First, a request for sanctions "must be made separately from any other motion …."  Fed. R. Civ. P. 11(c)(2).  Moreover, the motion may not be filed or presented to the Court unless: (1) it first was served, at least twenty-one days earlier, on the attorney, law firm, or party that violated the rule; and (2) within that twenty-one day period, the challenged paper, claim, defense, contention or denial is neither withdrawn nor appropriately corrected.  *Id*.; *see also Ridder v. City of Southfield*, 109 F.3d 288, 293-94 (6th Cir. 1997).

As Defendant neither presented its request for sanctions in a separate motion nor apparently served Plaintiff or her counsel twenty-one days prior to presenting its request to the Court, the Court may not impose sanctions under the rule.  Yet sanctions still may be warranted under a different provision, specifically, 28 U.S.C. § 1927.  Section 1927 reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Sixth Circuit Court of Appeals has explained that sanctions under this provision "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citations omitted). Sanctions under the statute are appropriate when "an attorney … intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id*. The Sixth Circuit provided further that "sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.' " *Id*. (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). "The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id*. "Vexatiously multiplying proceedings" includes conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous." *Royal Oak Entm't, LLC v. City of Royal Oak*, 316 F. App'x 482, 487 (6th Cir. 2009).

Here, Plaintiff's counsel filed a Michigan no-fault action against a Las Vegas limousine company for injuries allegedly arising from an accident that occurred in Las Vegas. There is no suggestion that Plaintiff's counsel had any reason to believe the vehicle ever operated in Michigan or was registered in

8

Michigan-- in other words, that it was subject to the no-fault act.  The Court finds that counsel's decision to pursue this action where the no-fault act clearly has no bearing (and even if it arguably did, by suing the insured, rather than the insurer) reflects something more than negligence or incompetence.

Plaintiff's counsel's unwillingness to stipulate to the dismissal of this lawsuit when presented with Defendant's arguments and subsequent failure to then offer any argument in response to the motion further lead this Court to believe that sanctions are warranted.  This left the Court to check the accuracy of Defendant's arguments and to independently assess whether any exceptions might exist to save Plaintiff's claim.  Plaintiff's counsel's silence in response to the summary judgment motion suggests that he knew Plaintiff's no-fault claim was frivolous. Yet, counsel left Defendant with no choice but to litigate, and for this Court to decide, the motion.

The Court, however, will allow Plaintiff's counsel the opportunity to explain why sanctions are unwarranted under § 1927.  Absent a satisfactory explanation, the Court will award sanctions under the statute.

## IV.    Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's claim for no-fault benefits against Defendant is frivolous and must be dismissed.  The Court

9

denies Defendant's request for Rule 11 sanctions, but is taking under advisement whether to impose sanctions against Plaintiff's counsel under § 1927.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment (ECF No. 17) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's counsel shall **SHOW CAUSE** in writing, within fourteen (14) days of this Opinion and Order, why sanctions should not be imposed against them pursuant to 28 U.S.C. § 1927;

**IT IS FURTHER ORDERED**, that within fourteen (14) days of this Opinion and Order, Defendant shall submit proof of its reasonable costs and attorney's fees.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 28, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager